**Order filed October 14, 2021.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-21-00542-CV

---

### IN RE RENEE SIZEMORE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**505th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-DCV-259360**

---

## ORDER

On September 28, 2021, relator Renee Sizemore filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Kali Morgan, presiding judge of the 505th District Court of Fort Bend County, to vacate the trial court's September 28, 2021, order holding relator in contempt and for commitment to county jail.

On September 29, 2021, we ordered relator released on bond, pending the resolution of this habeas corpus proceeding.

On September 30, 2021, we instructed relator to redact her petition for writ of habeas corpus to remove names of minor children, which relator has filed. Additionally, in our September 30 order, we directed relator to comply with Rule 52.7(a)(2) of the Texas Rules of Appellate Procedure, as follows:

> Additionally, relator must file with the petition a sufficient record to establish the right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.7(a)(2) requires the relator to file with the petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.[7](a)(2).

> The trial court's order indicates that before holding relator in contempt, on April 23, June 29, July 30, August 19, August 23, and September 27, 2021, the trial court heard Movant's Amended Motion for Enforcement of Possession or Access. The trial court's contempt order states "[t]he record of testimony was duly reported by the court reporter for the 505th Judicial District Court." Relator's petition, however, is not accompanied by a reporter's record of the hearings held in this matter. *See* Tex. R. App. P. 52.[7](a)(2).

> By this order, the Court gives relator notice that the petition will be dismissed unless an amended petition is filed that addresses the record issues identified above on or before October 8, 2021.

On October 8, 2021, relator filed a motion for an extension of time to file her amended petition, seeking forty-five days to obtain transcripts of the hearings conducted by the trial court on Daniel Landsdown's Amended Motion for

2

Enforcement of Possession or Access. Attached to relator's motion is a letter from the court reporter, estimating thirty days to prepare the requested transcripts.

We ORDER relator's motion for extension of time to file first amended petition for writ of habeas corpus GRANTED. Unless relator provides the Court with proof of arrangements for payment with the court reporter within five days of issuance of this order, the petition will be dismissed.

If relator timely provides proof of payment, the reporter's record shall be filed with this Court as a supplement to relator's appendix within thirty-five days from issuance of this order. Relator's amended petition for writ of habeas corpus shall be filed forty-five days from issuance of this order.

To the extent we requested a response from the real party in interest, Daniel Landsdown, we extend this deadline to fifty-five days from issuance of this order.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.